NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INUSRANCE GROUP A/S/O KECIA ELLIS AND KATHLEEN BRAND,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>    Defendant. | Civ. No. 10-1597<br><br>OPINION |

THOMPSON, U.S.D.J

  This matter has come before the Court on Plaintiff's motion to amend the Final Pretrial Order, (Docket Entry No. 120), which Defendant opposed. (Docket Entry No. 129). The Court, having denied Plaintiff's motion in an order dated April 19, 2013, (Docket Entry No. 143), now files this opinion explaining its ruling.

  Under Federal Rule of Civil Procedure 16, final pretrial orders may be modified "to prevent manifest injustice." FED. R. CIV. P. 16(e). The moving party has the burden to demonstrate that manifest injustice will result without amendment. *Lentz v. Mason*, 32 F. Supp. 2d 733, 738 (D.N.J. Jan. 11, 1999). "Four criteria guide courts in deciding whether or not to modify a final pretrial order: (1) the prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent of disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the non-compliance." *Jacob v. Nat'l R.R. Passenger Corp.*, 63 Fed. Appx. 610, 612 (3d Cir. 2003) (quotations omitted).

In this case, the Final Pretrial Order, signed by Judge Lois H. Goodman, was filed on November 16, 2012. (Docket Entry No. 61). It appears that following the pretrial conference, Plaintiff learned through another case involving Defendant, *Charter Oak Fire Insurance Company a/s/o Mavruk v. Electrolux Home Products, Inc.*, No. 10-1351 (E.D.N.Y.), of a potential discovery issue. In the *Charter Oak* case, Defendant had filed a motion to enforce collateral estoppel against the subrogating insurer because Defendant had prevailed against one of the insurer's subsidiaries in still another case, *Newcomb*, that involved the same dryer type. The court decided in the *Charter Oak* case that since Defendant had withheld significant discovery items, the *Newcomb* case was not fairly presented, and therefore, collateral estoppel did not apply.[1]

Plaintiff first brought this issue to the Court's attention in a letter dated December 21, 2012. (Docket Entry No. 85). As the discovery dispute was pending before Judge Falk in another case, *New Jersey Manufacturers Ins. Grp. a/s/o Linda Pawlowski v. Electrolux, Inc.*, No. 10-1952 (D.N.J.), and both parties favored waiting for Judge Falk's decision, (Docket Entry Nos. 85, 86), the Court entered a letter order on January 3, 2013 agreeing to let Judge Falk resolve the issue. (Docket Entry No. 87).

By April 9, 2013, however, no such decision had been issued in the *Pawlowski* case. (Docket Entry No. 120). Due to the rapidly approaching April 22, 2013 trial date, Plaintiff filed a letter asking the Court to resolve the matter by permitting Plaintiff to amend the Final Pretrial Order to add Brian Ripley ("Ripley"), one of Defendant's design engineers, as a trial witness.

---

[1] As the full case name was not provided to the Court, this case is referred to as the "*Newcomb*" case.

(*Id*.). Ripley's deposition transcript was one of the eight items allegedly withheld in the *Charter Oak* and *Pawlowski* cases.[2]

Plaintiff contends that manifest injustice will result if the Court denies Plaintiff's request to amend the Final Pretrial Order to include Ripley as a witness or, alternatively, to permit Plaintiff to read Ripley's deposition testimony at trial.  According to Plaintiff, Ripley's significance as a witness relates to his testimony concerning certain lint testing conducted in 2008.  Plaintiff contends it was not only unaware of such lint testing despite requesting such information during discovery, but had declined to make additional discovery requests concerning lint testing after Defendant's Rule 30(b)(6) witness represented that no such tests had been conducted.

Plaintiff makes essentially two arguments.  First, Plaintiff contends that Defendant was obligated to disclose the 2008 lint test in response to (1) Request for Production No. 29, which sought information concerning any testing "of any defects or alleged defects involving the accumulation of lint within the chambers and/or partitions within the body of the specific make and model of the Electrolux clothes dryer subject to this action;" and (2) Interrogatory No. 10, which asked for information concerning studies "pertaining to the accumulation of lint within the chambers and partitions of the specific make and model of the Electrolux clothes dryer that it (sic) subject to this action." (Docket Entry No. 133).  Therefore, according to Plaintiff, Defendant improperly withheld evidence of the 2008 lint test, and manifest injustice will result if Plaintiff is denied the opportunity to present Ripley's testimony at trial.

The Court disagrees.  As a preliminary matter, the Court notes that both Interrogatory No. 10 and Request for Production 29 seek only information pertaining to "the specific make and

---

[2] The deposition of Ripley was taken on June 1, 2012 in another case, *State Farm Gen. Ins. Co. v. Electrolux Home Prods.*, No. EC053578, (Cal. Sup. Ct.).  (Docket Entry No. 133).

model" of the dryer at issue in this case. Although Plaintiff contends that the dryers in the 2008 test and the dryer at issue in this case involve the same ball-hitch design, it is not clear to the Court that all dryers that employ a ball-hitch design are necessarily of the same make or model as all other such dryers. In particular, the Court notes the disagreement between Plaintiff and Defendant about whether the 2008 lint test, which was performed on an electric dryer, is relevant to the present matter, which involves a gas dryer. (Docket Entry Nos. 133, 138).

Furthermore, Interrogatory No. 10 is limited to information pertaining to testing of "defects of alleged defects." (Docket Entry No. 133). The segments of Ripley's deposition testimony that were submitted to the Court, however, do not suggest that the testing was conducted due to any defect or alleged defect. (*See* Ripley Dep., Docket Entry No. 141, Ex. A). Instead, it appears that the 2008 lint test involved "placing lint around the electric heater in the proximity of the coil to see if there was ignition." (*Id*. at 82:13-14). As such, Plaintiff has not shown that evidence of the 2008 lint test was responsive to Interrogatory No. 10, which was limited to tests pertaining to defects or alleged defects. In sum, Plaintiff has not established that Defendant withheld information properly sought through Interrogatory No. 10 or Request for Production No. 29 and that manifest injustice will, therefore, result if the Final Pretrial Order is not amended to include Ripley as a witness.

Second, Plaintiff argues that Defendant was obligated to prepare Carl King, Defendant's Laundry Safety Engineer and Corporate Designee, to testify accurately regarding the 2008 lint test because he was a Rule 30(b)(6) witness. In reaching this conclusion, Plaintiff contends that Defendant was required to prepare King to testify about the testing because the notice required King to testify about (1) "the design of the dryer at issue in this matter, and the design of the model family involved in this matter;" (2) "any design changes, improvements or enhancements

concerning the model family at issue in this matter;" (3) "the maintenance of the model family of dryer at issue;" and (4) "the operation of the family model of dryers which apply to the dryer involved in this matter." (Docket Entry No. 138). According to Plaintiff, Defendant was obligated to correct any error in King's testimony after the deposition, and therefore, when King testified that he knew of no such lint tests, Defendant was obligated to disclose the 2008 lint test to Plaintiff.

     Again, Plaintiff has failed to show that manifest injustice will result if the Final Pretrial Order is not amended. While "[t]he organizational entity has the duty to designate, produce, and prepare [a] Rule 30(b)(6) deponent," that duty is limited to information "called for by the deposition notice." *In re Neurontin Antitrust Litig.*, 2011 WL 253434, at *6-7 (D.N.J. Jan. 25, 2011). Here, the Court cannot say that the four categories listed in the Rule 30(b)(6) notice obligated Defendant to prepare King to testify about lint testing at all. Furthermore, the reasonableness of interpreting the Rule 30(b)(6) notice to include the 2008 lint test is further undermined by the fact that it is not clear that the 2008 lint test, which was apparently conducted on an electric dryer, is relevant to a proceeding involving a gas dryer. (Docket Entry Nos. 133, 138). As such, the Court finds that Defendant did not withhold information it was obligated to disclose during discovery, and thus, the Court finds that Plaintiff has not met its heavy burden of establishing manifest injustice. For the foregoing reasons, Plaintiff's motion to amend the Final Pretrial Order is denied.

                                                           */s/ Anne E. Thompson*
                                                           ANNE E. THOMPSON, U.S.D.J.

DATE:      April 22, 2013